UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

V.                                                                              CRIMINAL NO. H-10-185

VINCENT WALLACE ALDRIGE, and
TORI ELYSE ALDRIGE

### MOTION TO SEVER DEFENDANT'S VINCENT ALDRIDGE AND TORI ALDRIDGE FROM DEFENDANT GILBERT BARRY ISGAR

NOW COMES, Defendants Vincent Aldridge and Tori Aldridge, by and through their attorneys, the Federal Public Defender and Robert Fickman, and file this motion to Sever from Defendant Gilbert Barry Isgar. For good cause Defendants would show as follows:

I.

On March 25, 2010, Defendants were indicted on nineteen counts alleging conspiracy to commit mortgage fraud, wire fraud, money laundering. Defendants, who are husband and wife, were indicted along with co-defendant Gilbert Isgar. All three co-defendants have been joined under Rule 8 of the Federal Rules of Criminal Procedure.

II.

On December 7, 2010, Counsel conferred with the Government about potential 404 (b) evidence. At that time, the Government gave the Defense notice of transactions that related to five properties. These transactions purportedly

represented potential 404 (b), evidence against Vincent and Tori Aldridge. The properties included:

1. 22955 Provincial, Sales Date 8/4/2004;

2. 5807 Maxie, Sales Date 3/9/2005;

3. 1425 Birdsall, Sales Date 3/25/2005;

4. 5529 Cornish, Sales Date 3/28/2005;

5. 1423 Birdsall, Sales Date 6/22/2005.

It is noteworthy that the Defense had previously been provided detailed discovery regarding the sale of all of the above-listed properties. The Defense, thus at least had some working knowledge of the above-listed transactions and an opportunity to investigate said transactions. In acknowledging that the Defense had discovery related to the above-listed transactions, the Defense does not concede that these transactions are admissible for any purpose. The Government agreed to give notice of any other alleged 404(b) matters at least 20 days before trial.

III.

Pursuant to agreement, on December 29, 2010, the Government gave written 404(b) notice. In said notice, the Government again gave notice of the five aforementioned property transactions.

Additionally, for the first time ever, the Government gave notice that it intended to bring up evidence of Gilbert Isgar's State Money Laundering Criminal case. (Cause number 1248659), as 404(b) against Isgar.

In summary, the Government stated that from March 1, 2007 through July 31, 2007, Isgar unlawfully transferred funds which constituted the proceeds of criminal activity. The funds were in excess of two hundred thousand dollars. The funds were transferred by withdrawing money and transferring it to Gustafson Investment and Daniel Gustafson in reference to the sale of the following properties:

1. 1311 Birdsall, Houston, Texas;
2. 1313 Birdsall, Houston, Texas;
3. 1315 Birdsall, Houston, Texas;
4. 1319 Birdsall, Houston, Texas;
5. 1321 Birdsall, Houston, Texas.

IV.

In light of the Government's December 29, 2010, 404 (b) Notice regarding Isgar, Defendant's Vincent Aldridge and Tori Aldridge, respectfully move to sever from Gilbert Isgar. In support Defendants submit:

1. The Aldridges' have never before received any notice that the Government intended to introduce 404(b) evidence against Isgar.
2. The 404(b) notice regarding Isgar, relates to alleged criminal conduct that has no connection to the Aldridges;
3. The Aldridges are not alleged to be involved in any way in Isgar's alleged 404(b) conduct;
4. Isgar's alleged 404(b) conduct is alleged to come two years after his involvement with the Aldridges;
5. Isgar's alleged 404(b) conduct is alleged to involve individuals with whom the Aldridges are not connected;

6. Isgar's alleged 404(b) conduct is serious enough to have resulted in Isgar's indictment for the first degree Felony offense of Money Laundering. The offense carries a punishment range of 5-99 year or life under state law;
7. The Aldridges have had less than two weeks notice regarding the Government's intent to attempt to bring Isgar's State case into, their federal case via 404(b);
8. Counsel for the Aldridges have very little information about Isgar's alleged 404(b) transactions;
9. Counsel for the Aldridges have received no documents related to Isgar's alleged 404(b) transactions.

V.

Rule 8 of the Federal Rules of Criminal Procedure permits "joinder" of defendants in a single indictment in order to promote judicial economy. The decision to grant severance is discretionary, even upon a showing of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 538-39 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). A denial of a motion is reviewed for abuse of discretion.

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court articulated a general rule that "mutually antagonistic defenses are not prejudicial *per se*." *Id.* at 538.417 The Supreme Court explained that severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. 534, 539 (1993).

While courts are not generally required to sever cases simply because of antagonist defenses, there are clear cases that require severance where spill over evidence is not admissible against a co-defendant absent the joinder. *See, e.g.*, *United States v. Baker*, 98 F.3d 330, 335 (8th Cir. 1996) (denial of severance abuse of discretion because the prejudicial evidence could not have been admitted against the defendant absent joinder and because jury instructions could not adequately allay the risk of substantial prejudice); *United States v. Breinig*, 70 F.3d 850, 852-53 (6th Cir. 1995) (holding that the denial of severance constituted an abuse of discretion where ex-wife, charged with tax evasion jointly with her ex-husband, testified to his abusiveness and philandering); *United States v. Davidson*, 936 F.2d 856, 861 (6th Cir. 1991) (finding spillover-based prejudice where absent codefendant's tax returns stating codefendant's income was derived, in part, from gambling and narcotics were introduced against defendant, in trial for conspiracy to possess with intent to distribute cocaine).

In this case, the 404(b) sought to be admitted against Isgar, would not otherwise be admissible against either Vincent or Tori Aldridge. The 404(b) evidence, if admissible, is only admissible against Isgar.
The state court allegations against Isgar, which the Government seeks to admit as 404(b) against Isgar in this case, are very serious. The evidence has no relevance to any issue related to Vincent or Tori Aldridge. The evidence has the potential of creating confusion among the jury. Finally, the 404(b) evidence, is potentially highly prejudicial against the Aldridges. To suffer the prejudicial impact of

evidence for which they bear no responsibility is unfair to any accused, including the Aldridges. As the Aldridges are charged with conspiring with Isgar, in order to defend themselves they are now placed in the untenable position of having to defend against a money laundering case for which they bear no responsibility.

Where evidence is admissible solely against a co-defendant, which is highly prejudicial and irrelevant, a motion for severance is necessary. *See United States v. Cortinas*, 142 F.2d 242, 248-49 (5th Cir. 1998) (codefendant was a Bandido with history of violence). *See also United States v. Causey*, 185 F.3d 407, 430 (5th Cir. 1995) (*DeMoss, J. dissenting*) (question of fairness in subjecting non-capital defendant to process required to assemble death-qualified jury). In this case, as to the Defendants, the admission of the Isgar's 404(b) money laundering evidence would violate 404(b) and 403 of the Federal Rules of Evidence. A limiting instruction would not suffice to cure the prejudicial impact of Isgar's money laundering case.

Defendants respectfully requests this Court grant its Motion to Sever Defendant Gilbert Barry Isgar and for any other relief this Court deems appropriate.

## VI.

In the alternative, the defendants respectfully request that the Court prohibit the government from introducing the 404(b) evidence against defendant Isgar at the trial.

Respectfully Submitted,

| | |
|---|---|
| MARJORIE A. MEYERS | /s/ Robert J. Fickman |
| Federal Public Defender | ROBERT J. FICKMAN |
| Southern District of Texas | Attorney-In-Charge |
| Texas Bar No. 14003750 | Fed. No. 3606 |
| Southern District of Texas No. 3233 | State Bar No. 06956500 |
| | |
| By /s/ M. Andres Sanchez-Ross | 440 Louisiana, Suite 800 |
| M. ANDRES SANCHEZ-ROSS | Houston, Texas 77002 |
| Assistant Federal Public Defender | Ph. 713-655-7400 |
| Attorney in Charge | Fax 713-224-6008 |
| Southern District of Texas No. 743445 | |
| Texas State Bar No. 24056262 | Attorney for Defendant, |
| Attorneys for Defendant | TORI ALDRIDGE |
| 440 Louisiana, Suite 1350 | |
| Houston, Texas  77002-1634 | |
|    Telephone:   713.718.4600 | |
|    Fax:             713.718.4610 | |

### CERTIFICATE OF SERVICE

I, Robert J. Fickman, certify that on January 11, 2011 this motion was emailed to Assistant United States Attorney Jennifer Lowery and to Tucker Graves, the attorney representing co-defendant Gilbert Isgar in this matter.

/s/ Robert J. Fickman
ROBERT J. FICKMAN