IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

vs.  Cr. No. H-10-185

VINCENT WALLACE ALDRIDGE, and
TORI ELYSE ALDRIDGE,

## MOTION FOR JUDGMENT OF ACQUITTAL

Defendants Vincent Aldridge and Tori Aldridge, through their attorneys, the Federal Public Defender and Robert Fickman, file this motion for Judgment of Acquittal.

### I.

The standard of review for a Rule 29 motion is to view the evidence presented against the defendant in the light most favorable to the government to determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Williams v. Puckett, 283 F.3d 272, 278 (5th Cir. 2002) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

### II.

The government has failed to prove beyond a reasonable doubt each of the essential elements of the crimes charged in the indictment in this case. The evidence is therefore insufficient to sustain a conviction as to all counts of the indictment. Vincent Aldridge and Tori Aldridge therefore request that the Court enter a judgment acquitting them of all charges now pending against them in this case.

Vincent Aldridge and Tori Aldridge understand that the Fifth Circuit has held that "[w]here . . . a defendant asserts specific grounds for a specific element

of a specific count for a Rule 29 motion, he waives all others for that specific count." United States v. Herrera, 313 F.3d 882, 884 (5th Cir. 2002). Vincent Aldridge and Tori Aldrige are arguing in this motion that the government has failed to prove beyond a reasonable doubt all of the essential elements of every charge and every count of the indictment against them. The arguments and authorities set forth below are designed only to assist the court with regard to whether the government has proved beyond a reasonable doubt that more than $10,000 of criminally derived property was transferred, and should not be viewed as limiting the generality of the motion.

### III.

Count thirteen charges the defendants with conspiracy to commit money laundering, and counts fourteen through nineteen charge the defendants with engaging in monetary transactions in criminally derived property. The conspiracy count alleges a violation of Title 18, United States Code, section 1956(h), and more specifically, alleging that the defendants conspired to commit a violation of Title18, United States Code, Section 1957. Counts fourteen through nineteen allege violations of Title 18, United States Code, Section 1957.

Title 18, United States Code, Section 1957(a) provides in pertinent part:
(a) Whoever, in the United States, knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punised as provide in subsection (b).

The government must prove the following elements beyond a reasonable doubt to convict a person under section 1957: (1) property valued at more than $10,000 that was derived from a specified unlawful activity, (2) the defendant's engagement in a financial transaction with the property, and (3) the defendant's

2

knowledge that the property was derived from unlawful activity. United States v. Fuchs, 467 F.3d 889, 907 (5th Cir. 2006).

## IV.

The government has failed to introduce any evidence regarding the First Southwestern Title account, the account that is the alleged source of the wire fraud funds, as stated in the indictment. Without this evidence, the government has failed to produce any evidence that more than $10,000 of the funds transferred from the First Southwestern Title account were attributable to tainted money, as opposed to clean money. In United States v. Loe, the Fifth Circuit stated that "where an account contains clean funds sufficient to cover a withdrawal, the Government can not prove beyond a reasonable doubt that the withdrawal contained dirty money." 248 F.3d 449, 467 (5th Cir. 2001) (citing United States v. Davis, 226 F.3d 346 (5th Cir. 2000)). The Section 1957 counts in Loe were based on a transfer of $776,742 from an account containing $2,205,000. Id. Only $470,790.22 of the $2,205,000 was fraudulently obtained. The Fifth Circuit held that since there was enough clean money in the account to cover the $776,742 transfer, the rule of Davis mandated reversal of the those counts. Loe, 248 F.3d at 467. "Under Davis, if aggregate withdrawals are less than the amount of clean funds in the account, the statute is not violated." Loe, 248 F.3d at 467 n. 81.

Respectfully Submitted,

| | |
|---|---|
| MARJORIE A. MEYERS | /s/ Robert J. Fickman |
| Federal Public Defender | ROBERT J. FICKMAN |
| Southern District of Texas | Attorney-In-Charge |
| Texas Bar No. 14003750 | Fed. No. 3606 |
| Southern District of Texas No. 3233 | State Bar No. 06956500 |
| | |
| By /s/ M. Andres Sanchez-Ross | 440 Louisiana, Suite 800 |
| M. ANDRES SANCHEZ-ROSS | Houston, Texas 77002 |
| Assistant Federal Public Defender | Ph. 713-655-7400 |
| Attorney in Charge | Fax 713-224-6008 |
| Southern District of Texas No. 743445 | |
| Texas State Bar No. 24056262 | Attorney for Defendant, |
| Attorneys for Defendant | TORI ALDRIDGE |
| 440 Louisiana, Suite 1350 | |
| Houston, Texas   77002-1634 | |
|     Telephone:  713.718.4600 | |
|     Fax:           713.718.4610 | |

## CERTIFICATE OF SERVICE

I, M. Andres Sanchez-Ross, certify that on January 24, 2011 this Motion for Judgment of Acquittal was delivered to Assistant United States Attorney Jennifer Lowery, the attorney representing the government in this matter.

M. Andres Sanchez-Ross<br>
M. ANDRES SANCHEZ-ROSS