United States District Court
Southern District of Texas
**ENTERED**
June 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-10-185-01 |
| | § | |
| VINCENT WALLACE ALDRIDGE, | § | |
| | § | |
| Defendant/Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Vincent Wallace Aldridge ("Defendant") was found guilty of one count of Conspiracy to Commit Wire Fraud and Mail Fraud in violation of 18 U.S.C. § 1349, eleven counts of Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2, one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(h) and 1957(a), and six counts of Money Laundering in violation of 18 U.S.C. §§ 1957 and 2.[1]  The court imposed a personal money judgment of $891,000.00 on Defendant at sentencing.[2]  Pending before the court is Defendant's First Amended Motion to Modify Restitution Order and For Accounting Due to Extreme Hardship and Inequitable Misallocation ("Defendant's Amended Motion to Modify") (Docket

---

[1]Verdict, Docket Entry No. 91; Indictment, Docket Entry No. 1, pp. 1-20.  All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Order of Forfeiture, Docket Entry No. 205, p. 3.

Entry No. 485).    The Government has filed The United States'
Response in Opposition to Defendant's First Amended Motion to
Modify Restitution Order ("Government's Response") (Docket Entry
No. 488).    For the reasons explained below, Defendant's Amended
Motion to Modify will be denied.

## I.    Background

On July 22, 2011, the court imposed a personal money judgment
of $891,000.00 on Defendant after he was found guilty of one count
of Conspiracy to Commit Wire Fraud and Mail Fraud in violation of
18 U.S.C. § 1349, eleven counts of Wire Fraud in violation of 18
U.S.C. §§ 1343 and 2, one count of Conspiracy to Commit Money
Laundering in violation of  18 U.S.C. §§ 1956(h) and 1957(a), and
six counts of Money Laundering in violation of 18 U.S.C. §§ 1957
and 2.[3]    The court also imposed a personal money judgment of
$891,000.00 against Defendant's former wife and co-defendant, Tori
Aldridge.[4]

In  August  of  2011  the  Government  filed  a  lien  in
Fort Bend County, Texas, against the property of Defendant.[5]    In
October of 2025 the Government received notice that Defendant and
Ms. Aldridge were selling their home located at 1402 Noble Glen

---

[3]Id. at 1, 3.

[4]Order of Forfeiture, Docket Entry No. 278, p. 3.

[5]Notice of Lien for Fine and/or Restitution Imposed Pursuant
to the Anti-Terrorism and Effective Death Penalty Act of 1996,
Exhibit 2 to Government's Response, Docket Entry No. 488-2, p. 1.

Drive, Fresno, Texas 77545.[6]  Defendant "understood that there was a lien attached to the property which would exceed what the equity was in the property."[7]  The Government explained to Defendant that it "would only grant a partial release [of the lien]" on the property, that it "was entitled to take all the proceeds of the sale," and that it "would need to review a settlement statement from the title company before the closing."[8]

Ms. Aldridge then contacted the Government to explain that the divorce decree between herself and Defendant "provided that she was to be paid child support arrears from the proceeds of the home sale."[9]  The Government stated that it was not obligated to enforce the amended divorce decree, and that for it to consider allowing the proceeds to be credited to the child support arrears, Defendant and Ms. Aldridge would have to agree on the amount owed.[10]  On October 27, 2025, Defendant and Ms. Aldridge agreed by email that $30,947.50 of the proceeds of the home sale would be provided to Ms. Aldridge as credit for delinquent child support.[11]  The Government partially released its lien for purposes of the home

---

[6]Affidavit of Samantha Contini, Paralegal Specialist with the United States Attorney's Office ("Contini Affidavit"), Exhibit 1 to Government's Response, Docket Entry No. 488-1, p. 1 ¶ 2.

[7]Id.

[8]Id.

[9]Id. ¶ 3.

[10]Id. at 1–2 ¶ 5.

[11]Id. at 2 ¶ 6.

sale and notified the title company that it would allow proceeds in the amount of $30,947.50 to be distributed to Ms. Aldridge.[12]

The home was sold on October 29, 2025, and after costs and payoffs were deducted, including the arrears credit, the remaining proceeds were credited to Defendant's and Ms. Aldridge's restitution obligation.[13] Accordingly, the title company sent two checks for approximately $46,959.00 each (one for Defendant and one for Ms. Aldridge) to the clerk of the court.[14]

Although Defendant is currently ordered to pay twenty-five percent of his disposable earnings to the United States on a monthly basis, he has not made a payment since June of 2022.[15]

On December 22, 2025, Defendant filed his Amended Motion to Modify, alleging that he agreed to the arrears credit under extreme duress and that the home sale proceeds were disproportionately credited between his and Ms. Aldridge's restitution obligations.[16] The Government filed a response on February 11, 2026, and Defendant filed a reply on March 23, 2026.[17]

---

[12]Id. ¶ 7.

[13]Id. ¶ 8.

[14]Id.

[15]Final Order of Garnishment, Docket Entry No. 472, p. 1 ¶ 1.a.; Contini Affidavit, Exhibit 1 to Government's Response, Docket Entry No. 488-1, p. 2 ¶ 9. Defendant has paid approximately $57,397.55 of his restitution obligation. Contini Affidavit, Exhibit 1 to Government's Response, Docket Entry No. 488-1, p. 2 ¶ 9.

[16]Defendant's Amended Motion to Modify, Docket Entry No. 485, pp. 1–2.

[17]Government's Response, Docket Entry No. 488; Defendant's Reply to the United States' Response in Opposition to Motion to Modify Restitution Order, Docket Entry No. 489.

-4-

## II.  Analysis

Defendant asks the court to (1) "modify, suspend, or equitably adjust the restitution order pursuant to 18 U.S.C. § 3664(k) based on a material and continuing change in financial circumstances," (2) "order a full accounting of restitution proceeds pursuant to 18 U.S.C. §§ 3664(j) and (f)," and (3) "reallocate or return funds that were misapplied or inequitably attributed to a co-defendant in a manner inconsistent with federal restitution states, Texas community-property law, and principles of equity."[18]

## A.   Modification of the Restitution Order

Defendant asks the court to "modify or suspend the restitution order, particularly as to proceeds from the homestead" because he has a permanent disability, has a reduced earning capacity, has experienced homelessness, and has increased financial obligations from his divorce.[19]  The Government did not address the merits of Defendant's claims in its Response.

"Under § 3664(k), a defendant who is ordered by the district court to pay restitution may notify the court 'of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution,' and '[u]pon receipt of the notification, the court may, on its own motion, or the motion

---

[18]Defendant's Amended Motion to Modify, Docket Entry No. 485, p. 1.

[19]Id. at 3, 5.

of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.'" United States v. Rooney, Criminal No. 3:01-CR-231-D, 2014 WL 3865974, at *3 (N.D. Tex. Aug. 6, 2014) (quoting 18 U.S.C. § 3664(k)). "[C]ourts determine whether a defendant's economic circumstances have materially changed 'by an objective comparison of a defendant's financial condition before and after a sentence is imposed.'" United States v. Tarnawa, 26 F.4th 720, 724 (5th Cir. 2022) (quoting United States v. Franklin, 595 F. App'x 267, 273 (5th Cir. 2014) (per curiam)). "[A] material change is 'a bona fide change in the defendant's financial condition, either positive or negative.'" Id. (quoting Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003)). The defendant "bears the burden of proving that his circumstances have changed enough to warrant such a modification." United States v. Wooderts, No. 3:97-CR-054-D, 2008 WL 245352, at *1 (N.D. Tex. Jan. 29, 2008).

Defendant has not carried his burden to show a sufficient change in his financial circumstances to warrant a modification of his restitution order. At the time of his sentencing, Defendant's monthly income was $3,300 to $3,500,[20] and his former wife reported that they were paying $2,583 in expenses each month (including $1,140.78 for their mortgage, $118 for house insurance, $36.25 for home owner's association fees, $200 for car insurance, $35 for gas,

---

[20]Presentence Investigation Report, Docket Entry No. 132, p. 14 ¶ 56 (sealed).

$150 for electricity, $120 for telephones, $300 for food, $120 for car gas, $13 for life insurance, $50 for miscellaneous items, and $300 for church offerings).[21]  Defendant alleges that his present monthly income is $4,318 and that he pays $4,441 in expenses each month (including $1000 for rent, $250 for utilities, $116 for cable and internet, $400 for food, $250 for fuel, $125 for car insurance, $270 for health insurance, $1200 for child support, $430 for church tithe, $200 for church offering, and $200 for miscellaneous items).[22]  Even if the court accepts as true Defendant's unsworn allegations in his Amended Motion to Modify, the only economic circumstance that has significantly changed since the court ordered Defendant to pay restitution is Defendant's child support obligations.[23]  The court concludes that Defendant's child support obligations are not a sufficient change in his financial circumstances to warrant a modification of his restitution order.[24]

To the extent that Defendant is asking the court to suspend restitution, reduce the total amount of restitution owed, or

---

[21]Id. at 15 ¶ 59.

[22]Defendant's Amended Motion to Modify, Docket Entry No. 485, p. 22.

[23]Compare Presentence Investigation Report, Docket Entry No. 132, pp. 14–15 ¶¶ 56, 59 (sealed), with Defendant's Amended Motion to Modify, Docket Entry No. 485, p. 22.

[24]Defendant has also failed to propose a monthly restitution payment he feels he could satisfy. See United States v. Phillips, Criminal Action No. 10-434, 2017 WL 2671144, at *2 (S.D. Tex. June 21, 2017).

reimburse the home sale proceeds, the court is not permitted to do so.  18 U.S.C. § 3664(k); <u>Rooney,</u> 2014 WL 3865974, at *3.

## B.    Accounting of Restitution Proceeds

Defendant asks the court to order a full accounting of restitution proceeds pursuant to 18 U.S.C. §§ 3664(j) and (f).[25] However, §§ 3664(j) and (f) do not permit the court to do so.[26] The

---

[25]Defendant's Amended Motion to Modify, Docket Entry No. 485, p. 1.

[26]18 U.S.C. § 3664(j) reads as follows:

(1)    If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

(2)    Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in –

(A)    any Federal civil proceeding; and

(B)    any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(f) reads as follows:

(1)    (A)    In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

(B)    In no case shall the fact that a victim has received    or    is    entitled    to    receive

(continued...)

court is unaware of any authority that entitles Defendant to such relief.

## C.    Reallocation of Funds from Home Sale

Defendant asks the court to reallocate or return funds that were misapplied "to a co-defendant in a manner inconsistent with federal restitution statutes, Texas community-property law, and principles of equity."[27]

The court is not aware of any authority that entitles Defendant to the reallocation or reimbursement of paid restitution. Moreover, the proceeds from the sale of the home were not misapplied.  Although the Government was entitled to take all the

---

[26](...continued)
> compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

> (2)    Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of–

>> (A)    the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

>> (B)    projected earnings and other income of the defendant; and

>> (C)    any financial obligations of the defendant; including obligations to dependents.

[27]Defendant's Amended Motion to Modify, Docket Entry No. 485, p. 1.

proceeds from the sale of the home, it granted a partial release of the lien to allow $30,947.50 of the proceeds to be credited to the child support arrears.[28]  The remaining proceeds were then credited to Defendant's and Ms. Aldridge's restitution obligation.[29] Importantly, Defendant agreed to this arrangement orally and in writing.[30]

### III.  Conclusion and Order

For the reasons explained above, Defendant's First Amended Motion to Modify Restitution Order and For Accounting Due to Extreme Hardship and Inequitable Misallocation (Docket Entry No. 485) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 11th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[28]Contini Affidavit, Exhibit 1 to Government's Response, Docket Entry No. 488-1, pp. 1-2 ¶¶ 2, 6-7.

[29]Id. at 2 ¶ 8.

[30]Id. ¶ 6.  Although Defendant argues that he agreed to this arrangement under duress, the record does not support his claim. Id.; Email from Defendant, Exhibit 3 to Government's Response, Docket Entry No. 488-3, p. 1 ("I confirm the agreement.").